**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HAROLD VANDYKE,**

                   **Plaintiff,**                 3:11-cv-1208
                                                                                (GLS)

                   v.

**MICHAEL J. ASTRUE,**
Commissioner of Social
Security Administration,

                   **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Jonathan P. Foster | JONATHAN P. FOSTER, ESQ. |
| 407 South Main Street | |
| Athens, PA 18810 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | ROBERT R. SCHRIVER |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Harold VanDyke challenges the Commissioner of Social Security's denial of Supplemental Security Income (SSI) and seeks judicial review under 42 U.S.C. § 405(g).  (*See* Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering VanDyke's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II. Background

On January 9, 2009, VanDyke filed an application for SSI under the Social Security Act ("the Act"), alleging disability since February 26, 1999. (*See* Tr.[1] at 12, 102-05.)  After his application was denied, VanDyke requested a hearing before an Administrative Law Judge (ALJ), which was held on August 18, 2010.  (*See id.* at 21-58, 59.)  On September 17, 2010, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review.  (*See id.* at 1-4, 12-20.)

VanDyke commenced the present action by filing a Complaint on

---

[1] Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 8.)

October 7, 2011 wherein he sought review of the Commissioner's determination.  (*See* Compl. ¶¶ 13-15.)  The Commissioner filed an answer and a certified copy of the administrative transcript.  (*See* Dkt. Nos. 7, 8.)  Each party, seeking judgment on the pleadings, filed a brief.  (*See* Dkt. Nos. 13, 15.)

### III.  Contentions

VanDyke contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence.  Specifically, VanDyke claims the ALJ: (1) failed to properly develop the record and was not an impartial adjudicator; and (2) incorrectly weighed opinion evidence in determining his residual functional capacity (RFC).  (*See* Dkt. No. 13 at 20-29.)  The Commissioner counters that substantial evidence supports the ALJ's decision.  (*See generally* Dkt. No. 15.)

### IV.  Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations.  (*See* Dkt. No. 13 at 1-20; Dkt. No. 15 at 2.)

### V.  Standard of Review

The standard for reviewing the Commissioner's final decision under

42 U.S.C. § 405(g)[2] is well established and will not be repeated here.  For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. ALJ's Duties

VanDyke's primary argument is that the ALJ failed to fully develop the record and remain impartial.  (*See* Dkt. No. 13 at 20-24.)  The Commissioner, and the court, disagree.  (*See* Dkt. No. 15 at 6-8.)

As an initial matter, it is unclear which opinion(s) or evidence VanDyke claims the ALJ failed to develop.  (*See* Dkt. No. 13 at 24-25.)  Construing his brief liberally, it appears that this argument is part-and-parcel to his broader claim that the ALJ was not impartial.  (*See id.* at 20-24.)  Simply put, that argument is meritless.  Though the ALJ asked several direct questions of VanDyke—some of which dealt with his household income and smoking habits—there is no evidence whatsoever that he did

---

[2] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical.

so for any other reason than to develop a complete record. (*See* Tr. at 30, 33-41, 45-48.) Indeed, the questions VanDyke references are clearly relevant in determining, among other things, his credibility and compliance with prescribed treatments, both of which could impact the ALJ's disability determination. *See Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (discussing credibility); 20 C.F.R. § 416.930 (discussing the claimant's responsibility to follow prescribed treatments). As such, the court discerns neither error nor impropriety in the ALJ's adjudication of VanDyke's claim. (*See* Tr. at 21-58.)

## B. Opinion Evidence

VanDyke next contends that the ALJ erred in weighing the opinion evidence. (Dkt. No. 13 at 25-29.) Specifically, he claims that the ALJ erred when he rejected the opinions of Drs. Paul Suarez and Helen Norwood. (*See* Dkt. No. 13 at 25-29.) The Commissioner counters that the ALJ properly evaluated the opinions of record and that his RFC[3] is supported by

---

[3] A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 416.945(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. See 42 U.S.C. § 405(g).

5

substantial evidence.[4]  (*See* Dkt. No. 15 at 8-9.)  Again, the court agrees with the Commissioner.

Medical opinions, regardless of the source, are evaluated by considering several factors outlined in 20 C.F.R. § 416.927(c).  Controlling weight will be given to a treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence."  *Id.* § 416.927(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).  Unless controlling weight is given to a treating source's opinion, the ALJ is required to consider the following factors in determining the weight assigned to a medical opinion: whether or not the source examined the claimant; the existence, length and nature of a treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner.  *See* 20 C.F.R. § 416.927(c).

Here, VanDyke's claims are baseless.  In rejecting the opinions of Drs. Suarez and Norwood the ALJ explicitly stated that he could not give

---

[4] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

6

evidentiary weight to either opinion because neither provided a "function by function assessment of what [VanDyke] could or could not do." (Tr. at 17.) Though both checked boxes stating that VanDyke was temporarily disabled, (*see id.* at 199, 201), the "ultimate finding of whether a claimant is disabled and cannot work . . . [is] reserved to the Commissioner," *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotation marks and citation omitted). "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability." *Id.* Because there was no salient data to rely on, the ALJ appropriately rejected the opinions of Drs. Suarez and Norwood. *See* 20 C.F.R. § 416.927(d)(1).

VanDyke also claims that the ALJ "failed to even address" Dr. Cooper's opinion. (Dkt. No. 13 at 25.) This is likely because neither the Commissioner nor the court can locate a medical opinion by Dr. Cooper in the record. (*See* Dkt. No. 15 at 9.) Notably, VanDyke does not provide a citation to the supposedly-overlooked opinion in his brief either.[5] (*See* Dkt.

---

[5] In addition, the court notes that VanDyke's counsel repeatedly cites to Third Circuit precedent in his brief. (*See, e.g.*, *id.* at 26.) As this court sits in the Second Circuit, it would be prudent, should attorney Foster seek to practice in this District in the future, to include citations to this Circuit's precedent.

7

No. 13 at 25.) Moreover, his claim that the ALJ erred with respect to the opinion of Dr. Robert E. Cohen is also unfounded. (*See id.*) Besides the fact that VanDyke fails to explain what the error was, (*see id.*), the ALJ could not reject Dr. Cohen's opinion because he did not render one; the only documents in the record from Dr. Cohen are treatment notes from Duane A Frampton, PA-C, which Dr. Cohen authenticated, (*see, e.g.*, Tr. at 192-93). While they describe VanDyke's history and treatment plan, the notes offer no view on his limitations. (*See, e.g.*, *id.* at 204-12.)

In sum, the ALJ applied the appropriate legal standards in considering the medical opinions, and in so doing, arrived at an RFC that is supported by substantial evidence. Accordingly, the ALJ's RFC assessment is affirmed.

## C.   Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and VanDyke's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 21, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court